No. 81-315

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

EDWARD G. BUSH,

Defendant and Appellant.

---

Appeal from:  District Court of the Eleventh Judicial District,
In and for the County of Flathead
Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

For Appellant:

Sherlock and Nardi, Kalispell, Montana
Patrick Sherlock argued, Kalispell, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Allen Chronister argued, Assistant Attorney General,
Helena, Montana
Ted O. Lympus, County Attorney, Kalispell, Montana

---

Submitted:  October 22, 1981

Decided:  NOV 2 5 1981

Filed:  NOV 2 5 1981

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Edward G. Bush appeals from his conviction and five-year sentence for the offense of solicitation to possess dangerous drugs. Trial was held on March 25, 1981, before the District Court, Flathead County. The appeal is based upon a stipulation of facts between the parties and a partial transcript containing the testimony of Kathleen Kohse, the complaining witness.

Edward Bush in September of 1980 went to Carmen's Lounge in Kalispell, Montana, where he met Kathleen Kohse who was a bartender at the lounge. Bush told Kohse that he was a filmmaker who photographed animals, and that he had a job for someone as a film courier. Bush apparently actively recruited Kathleen Kohse for the job, as Kohse testified he came to the lounge several times and discussed it. Kohse also received several phone calls and a letter with application forms from a woman in California who was purportedly Bush's secretary.

Kohse was informed in October that she was hired for the position of film courier, and she then resigned from her job at Carmen's. She was told to send the application forms even though she was already hired because the company needed them for their files. Bush's secretary told Kohse there was a ticket to Los Angeles waiting for her at the Kalispell Airport.

Kohse used the ticket, flew to Los Angeles and met Bush at the Los Angeles Airport. She was then told by Bush that she was not going to be a film courier but rather a photographer. Bush knew that Kohse had no previous photography experience, and he spent several hours showing her how to operate the cameras she was given to use. She was told she was to go to Lima, Peru, to take pictures at the zoo and to learn how to be a photographer. Bush gave her three cameras, an aluminum camera case and $1,200. Part of the money was used to buy her ticket to Peru.

In Lima, Kohse met a person named Dan who took her to the zoo, left her there and took the camera case. She took pictures

at the zoo for four hours although Dan had told her he would return in one hour. After staying in Lima for four days she was told to return to the States.

When she arrived Los Angeles and went through customs she was arrested for possession of cocaine which was hidden in a compartment in the lining of the camera case. Kohse testified she had not placed the cocaine there, had no knowledge of it being there and did not see anyone put it there. After her arrest she had no contact with Bush or his associates.

Bush was charged with solicitation of Kohse to possess dangerous drugs, or in the alternative solicitation to possess dangerous drugs with intent to sell, and he was convicted of the former.

Appellant raises the following issues:

1) Whether the State of Montana has jurisdiction of this case.

2) Whether the information stated an offense; and whether the statute is unconstitutionally vague, indefinite, and violative of defendant's due process rights.

3) Whether in Montana the crime of solicitation is complete even though the person solicited is unaware of the solicitor's actions and efforts.

Appellant first contends that the trial court should have granted his motion to dismiss for lack of jurisdiction. He argues that the trial court should have excluded as irrelevant all evidence of events occurring outside of Montana. If this were done, the remaining evidence would show only that appellant hired Kohse for a job in Los Angeles, and this would be insufficient evidence to support jurisdiction over the case in Montana under section 46-2-101, MCA.

We find that the evidence of the events occurring outside the State of Montana was relevant to show the mental state or purpose of the defendant. The trial court had jurisdiction of

- 3 -

the case pursuant to section 46-2-101(1)(c), MCA, which provides in part:

> "(1) A person is subject to prosecution in this state for an offense which he commits while either within or outside the state by his own conduct or that of another for which he is legally accountable if:
>
> "(c) the conduct within the state constitutes an attempt, solicitation, or conspiracy to commit in another jurisdiction an offense under the laws of this state and such other jurisdiction."

Appellant's conduct within Montana constituted a solicitation to commit in another jurisdiction the offense of possession of dangerous drugs. The trial court committed no error in denying appellant's motion to dismiss for lack of jurisdiction.

The appellant next argues the statute defining solicitation, section 45-4-101, MCA, is unconstitutionally vague and denies him due process. He objects specifically to the word "facilitates" in the statute, which reads as follows:

> "A person commits the offense of solicitation when, with the purpose that an offense be committed, he commands, encourages, or facilitates the commission of that offense." Section 45-4-101(1), MCA. (Emphasis added.)

Appellant submits that the word "facilitates" is too broad and too vague to establish a standard and to give fair notice of the proscribed conduct.

A statute is required to be specific enough to give fair notice of the conduct prohibited. It must provide standards for law enforcement personnel so as to prevent arbitrary or discriminatory arrests and to prevent the chilling of constitutionally protected activity. Grayned v. City of Rockford (1972), 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222. The statute must provide a meaningful differentiation between culpable and innocent conduct. State v. Blinzler (1979), ____Mont.____, 599 P.2d 349, 36 St.Rep. 1580.

The source for the Montana statute is the Illinois Criminal Code, Title 38, § 8-1, which provides:

- 4 -

> "A person commits solicitation when, with intent
> that an offense be committed, he commands,
> <u>encourages or requests another to commit that offense</u>."
> (Emphasis added.)

Solicitation was a common law inchoate offense committed when a person requested, commanded or importuned another person to commit a felony or serious misdemeanor. 4 Wharton's Criminal Law (14th Ed.) § 713. The modern statutes preserving solicitation as an offense tend to define it in terms close to the common law definition. See Wharton's, supra, § 717. The Model Penal Code defines the crime as follows:

> "A person is guilty of solicitation to commit a
> crime if with the purpose of promoting or faci-
> litating its commission he <u>commands, encourages
> or requests</u> another person to engage in specific
> conduct which would constitute such crime or an
> attempt to commit such crime or which would
> establish his complicity in its commission or
> attempted commission." (Emphasis added.) Model
> Penal Code §5.02(1)

The Montana Legislature has substituted the term "facilitates" for the term "requests," thus expanding the scope of conduct which is made criminal by the statute. The legislature has the power to change the common law.

We hold that the statute defining the offense of solicitation, section 45-4-101, MCA, is not unconstitutionally vague. "Facilitate" is a commonly understood word. Its definition according to Webster's Third New International Dictionary is "to make easier or less difficult: free from difficulty or impediment." In all cases, the actor must have the purpose of promoting the commission of an offense. The statute is definite and specific enough to give fair warning of the conduct prohibited.

Appellant's final contention is that the crime of solicitation is not complete unless the person solicited is aware of the solicitor's criminal purpose and scheme. Since Kohse was unaware that she was to do anything but work for a movie company and since she was unaware of the drugs, appellant maintains she

was not solicited.

At common law the use of an innocent agent to accomplish a crime was considered an attempt but not a solicitation. See Perkins on Criminal Law (2d Ed. 1969), 587-588. The common law has been affirmatively changed in some jurisdictions by statutes which provide that it is no defense to a charge of solicitation that the solicitee is unaware of the criminal nature of the conduct solicited or of the defendant's purpose. See e.g. Code of Ala. § 13A-4-1(d)(2); Ark.Stats.Ann. §41-713(2)(d); Del.Code Ann. 11 § 523(a). The theory behind the change is that one is no less guilty of a crime because he employs an innocent agent.

The Montana statute is not explicit in this regard. The language "facilitates the commission of that offense" does not imply that the person solicited must be aware of the criminal purpose. As above noted, the Montana legislature has changed the common law, as is its prerogative, and has not required that the solicitee be aware of the criminal purpose of the solicitor or of the criminal nature of the conduct solicited. To do so would defeat the purpose of the statute which is to protect the citizens of this state from victimization and from exposure to inducements to commit or join in the commission of crime. The gravamen of the offense of solicitation is the intent of the solicitor and not the knowledge of the victim.

Affirm.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 6 -