No. 92-214

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JACK SAGE,

Defendant and Appellant.

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Frank M. Davis, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Mark P. Yeshe, Donahoe & Yeshe, Helena, Montana

For Respondent:

Hon. Marc Racicot, Attorney General
John Paulson, Assistant, Helena, Montana
Richard Llewellyn, County Attorney
John P. Connor, Special Deputy County Attorney
Boulder, Montana

FILED

NOV 16 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted: September 4, 1992

Decided: November 16, 1992

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from the Fifth Judicial District Court, Jefferson County, order denying defendant's motion to dismiss. We affirm. The sole issue on appeal is whether solicitation of incest is a crime in Montana.

In September, 1990, J.S. was alone in a swimming pool with defendant, her natural father. Defendant repeatedly asked J.S. to "fool around" with him. She refused because the request had a sexual connotation.

J.S. told a social worker that her father became increasingly aggressive toward her. In mid-March of 1991, he cut a peep hole in the bathroom wall so he could watch J.S. Later that month, when J.S. and her father were home alone, he again asked her if she would "fool around" with him. When she refused he asked, "Please, for me?" J.S. continued to refuse her father's propositions. After showering on April 2, 1991, J.S. discovered a video camera hidden in the bathroom. The camera was running and aimed to video tape a person in the bathroom.

Defendant admitted to law enforcement officers that he asked his daughter to fool around with him in a sexual manner. Defendant further admitted that he had placed the video camera and drilled the peep hole. He conceded he knew these actions were wrong.

The State charged the defendant, Jack Sage, with two counts of solicitation of incest in violation of § 45-4-101, MCA, and § 45-5-507, MCA. Defendant filed a motion to dismiss, arguing that

2

solicitation of incest is not a crime in Montana. The District Court denied the motion. On December 9, 1991, defendant entered a conditional guilty plea to one count of solicitation of incest. The District Court found that defendant was in fact guilty of soliciting incest and gave him a deferred imposition of sentence. Defendant appeals contending the District Court erred in denying his motion to dismiss.

Our standard of review of a district court's conclusions of law is plenary. We determine whether the district court's conclusions are correct. Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 474, 803 P.2d 601, 603.

The policy behind the crime of solicitation is to protect people from "exposure to inducements to commit or join in the commission of crime." State v. Bush (1981), 195 Mont. 475, 480, 636 P.2d 849, 852. Among other things, the solicitation statute facilitates prosecution of those who formulate and cultivate criminal schemes before a completed scheme can cause injury to others. William F. Crowley, Montana Criminal Law, 607-609 (1990).

Defendant contends solicitation of incest is not a crime in Montana. He reasons he did not intend that J.S. commit a crime, rather she was his intended incest victim. Relying on Illinois law, defendant further reasons that the crime of solicitation applies only where a person requests another to commit a crime and not when the person solicits a victim. However, under Montana's statute the status of the person solicited is neither an element of

3

nor a defense to the crime of solicitation. See § 45-4-101, MCA.

Montana adopted its solicitation statute from the Illinois Criminal Code of 1961. When Montana adopted it, the Illinois statute read, "A person commits solicitation when, with intent that an offense be committed, he commands, <u>encourages or requests another to commit that offense</u>." Ill. Ann. Stat. ch. 38 para. 8-1 (Smith-Hurd 1989) (emphasis added). When the Montana Legislature adopted the statute in 1973 it changed the language. See § 94-4-101, RCM (1977). The legislature has not changed the statute since its enactment. The Montana version states, "A person commits the offense of solicitation when, with the purpose that an offense be committed, he commands, <u>encourages or facilitates the commission of that offense</u>." Section 45-4-101, MCA, (emphasis added).

By modifying the statute, the legislature broadened the types of conduct which are criminal under the solicitation statute. <u>Bush</u>, 636 P.2d at 851. In Montana, the status of the person solicited is not a part of the offense of solicitation, rather the intent of the solicitor is the basis of the crime. <u>Bush</u>, 636 P.2d at 852.

Defendant completed the crime of solicitation of incest when he asked his daughter to aid him in performing incest. A person commits incest if he knowingly has sexual contact with a descendant. Section 45-5-507, MCA. Defendant purposely urged his natural daughter to have sexual relations with him. Defendant thus encouraged the commission of incest with the purpose that incest be

4

committed.  Montana's statute requires nothing more to bring the crime of solicitation to fruition.  See § 45-4-101, MCA.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

5

November 16, 1992

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Mark P. Yeshe
Attorney at Law
P.O. Box 413
Helena, MT   59624

Hon. Marc Racicot
Attorney General
Justice Bldg.
Helena, MT   59620

John P. Connor, Jr.
Assistant Attorney General
Special Deputy County Attorney, Jefferson County
Helena, MT   59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
     Deputy