JUSTICE TRIEWEILER
specially concurring in part and dissenting in part.
I concur with the majoritys conclusion that the District Court abused its discretion when it admitted evidence of defendant’s conduct which occurred 16 to 18 years prior to trial. I also concur that based on that error alone, defendant is entitled to a new trial.
However, I dissent from the majority’s conclusion that there was sufficient evidence of conduct by defendant to support his conviction for solicitation in the State of Montana. Defendant committed no crimes in Montana. However, the majority opinion stretches the law regarding solicitation beyond recognition to facilitate defendant’s trial in Montana for crimes committed in the State of Idaho. The charges brought against defendant in the District Court of the Fourth Judicial District should have been dismissed and charges for defendant’s actual offenses should have been filed in Idaho, where those offenses occurred.
The majority opinion states that because defendant made promises to his victims in Montana that he would do things for them in Washington, he thereby facilitated the commission of sexual assault involving those victims in the State of Idaho. However, even conced *142 ing that Montana’s solicitation statute found at § 45-4-101, MCA, is the broadest such statute in the country, and that it includes language which has nothing to do with solicitation, as that term is commonly understood, there is still no proof of any unlawful conduct on the part of defendant which was committed in Montana.
In State v. Bush (1981), 195 Mont. 475, 479, 636 P.2d 849, 852, we held that:
“Facilitate” is a commonly understood word. Its definition according to Webster’s Third New International Dictionary is ‘to make easier or less difficult: free from difficulty or impediment.’ In all cases, the actor must have the purpose of promoting the commission of an offense.
In this case, the majority’s theory is that because defendant made promises to his victims in Montana that he would perform favors for them in Washington, those promises “facilitated” the commission of sexual assault on his victims in Idaho. However, there is no support for that conclusion in the record before the trial court.
J.E. testified that she did not know if the things defendant purchased for her in Washington were a reward for traveling with him. She testified that she traveled with defendant because some of hér friends did so and she wanted to go along with them. Similarly, she testified that she hung around defendant’s shop because it was fun to do so. Finally, she testified that she received gifts from defendant whether she went to Spokane or not, and that other families were given gifts, even though none of their children went to Spokane. She established no relationship between the promises, which the majority concludes are the basis of defendant’s offense, and trips to Spokane.
Likewise, A.D., defendant’s second alleged victim, did not testify that she traveled to Spokane with defendant because of any promises made by him to her or anyone else. She testified that she went to Spokane with defendant “because my family thought he was really nice and so did I.”
There was absolutely no other testimony given by either of defendant’s alleged victims which connected any of his conduct in Montana to the crimes he is accused of committing in Idaho.
When the majority opinion is distilled to its essence, it is that Montana’s statute prohibiting solicitation is so broad and all-encompassing that a defendant can be tried and convicted of a felony in Montana punishable by up to 20 years in prison and a $50,000 fine for being “really nice.” Surely, any statute that can be so construed lacks sufficient specificity to give fair notice of the conduct which is *143 prohibited and will lead, as it did in this case, to arbitrary and discriminatory arrests. Such a statute is unconstitutionally vague and violates the due process clause of the Fourteenth Amendment to the United State Constitution. See Grayned v. City of Rockford (1972), 408 U.S. 104, 92 S. Ct. 2294, 33 L. Ed. 2d 222.
In this case, defendant was tried, convicted, and sentenced based purely on acts he is accused of committing in the States of Idaho and Washington. Montana’s solicitation statute was merely a subterfuge to enable this State to punish defendant for conduct over which it had no jurisdiction. While the allegations made against defendant suggest conduct that was reprehensible, the appropriate place to charge, try, and punish defendant is the state where that conduct occurred — not Montana.
JUSTICE HUNT joins in the foregoing concurrence and dissent.