No. 96-617

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

ELMER DALE PERRY,

Defendant and Appellant.



APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Daniel P. Buckley; Berg, Lilly, Andriolo
& Tollefsen; Bozeman, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;
Cregg W. Coughlin, Assistant Attorney General;
Helena, Montana

Marty Lambert, Gallatin County Attorney;
Susan Swimley, Deputy County Attorney;
Bozeman, Montana



Submitted on Briefs: May 8, 1997

Decided:   May 29, 1997
Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

The defendant, Elmer Dale Perry, was charged by information, filed in the District

Court for the Eighteenth Judicial District in Gallatin County, with the offense of driving under the influence of alcohol, in violation of 61-8-401(1)(a), MCA. Based on his seven prior convictions for DUI, the information charged him with a felony, pursuant to 61-8-714(4) and -722(4), MCA. He filed a motion in which he objected to the District Court's consideration of his seven prior DUI's for purposes of determining whether he is guilty of felony DUI. After a hearing, the District Court denied that motion. He appeals the judgment of the District Court. We affirm.

The sole issue on appeal is whether the District Court erred when it denied Elmer Dale Perry's motion to dismiss the felony DUI charge against him.

## FACTUAL BACKGROUND

On March 13, 1996, Elmer Dale Perry was charged by information with the offense of driving a motor vehicle while under the influence of alcohol. The charge alleged in the information, if proven, would have constituted his eighth DUI offense. Based on his prior DUI convictions, the information charged him with a felony, pursuant to 61-8-714(4) and -722(4), MCA.

On August 12, 1996, Perry filed a motion in which he objected to the District Court's consideration of his seven prior convictions for purposes of determining whether he is guilty of felony DUI. He asserted that before the District Court can consider his prior DUI convictions and, on that basis, increase the current DUI charge to a felony, the State is required to affirmatively establish the constitutional validity of his prior convictions. Specifically, he claimed that "[t]he records of the previous court conviction[s] must affirmatively show that [he] was informed of his rights, including the right to appointed counsel, and that [he] knowingly waived them."

The State maintained that a presumption of regularity attached to Perry's prior convictions and that, therefore, the burden of proof is, at least initially, on Perry to establish, by sufficient evidence, that his prior convictions were entered in violation of his constitutional right to counsel. Additionally, the State submitted as evidence a certified copy of Perry's driving record, as well as the court records from three of his prior convictions.

Perry did not submit any evidence to establish that his rights were violated during the prior proceedings. In fact, he did not even assert that his prior convictions were invalid. Rather, he contended that it is the State's burden to affirmatively prove the validity of his prior convictions.

At the conclusion of the hearing, the District Court rejected Perry's contention and, on that basis, denied his motion. In its written order, the District Court held as follows:

> There is a presumption of validity which attaches to final judgments, and
> the burden of proof to overcome the presumption rests with the defendant.
> Parke v. Raley, ___ U.S. ___, 113 S.Ct. 517, 121 L.Ed.2d 391, 404
> (1992). [Perry] has not met his burden of proof, and his motion is denied.

## DISCUSSION

Did the District Court err when it denied Perry's motion to dismiss the felony DUI charge against him?

When we review a district court's conclusions of law, the standard of review is plenary and we must determine whether the district court's conclusions are correct as a matter of law. State v. Rushton (1994), 264 Mont. 248, 254-55, 870 P.2d 1355, 1359; State v. Sage (1992), 255 Mont. 227, 229, 841 P.2d 1142, 1143. When we review a district court's findings of fact, the standard of review is whether those findings are clearly erroneous. Daines v. Knight (1995), 269 Mont. 320, 324, 888 P.2d 904, 906.

On appeal, Perry contends that the District Court erred when it denied his motion and considered his seven prior convictions for purposes of determining whether the current DUI charge can be increased to a felony. He claims that waiver of the right to counsel cannot be presumed from a silent record and that, therefore, the State of Montana is required to affirmatively prove that his prior DUI convictions were constitutionally valid. In essence, he asserts that the District Court erred when it: (a) concluded that

there is a presumption of regularity which attaches to prior judgments; (b) did not require the State to affirmatively establish that his prior DUI convictions were constitutionally valid; and, instead, (c) placed the burden of proof on him to establish that his right to counsel was violated in the prior proceedings.

The State, however, maintains that a presumption of regularity attaches to prior convictions and that, therefore, the burden of proof is on a defendant to show that his rights were violated in a prior proceeding. Moreover, the State asserts that, in this case, Perry failed to offer any evidence that his rights were violated during the prior proceedings and that he did not even assert that any such violations occurred.

The State's position and the District Court's decision are consistent with our recent decision in State v. Okland (Mont. May 29, 1997), No. 96-362. In that case, we held that:

[W]e conclude that [Parke v.] Raley [(1992), 506 U.S. 20, 113 S. Ct. 517, 121 L. Ed. 2d 391,] is persuasive and that, in Montana, a presumption of regularity attaches to prior convictions during a collateral attack. Therefore, even in the absence of a transcript or record, a prior conviction is presumptively valid and a defendant who challenges the validity of his prior conviction during a collateral attack has the burden of producing direct evidence of its invalidity.

We further conclude that the presumption of regularity is a rebuttable presumption. Accordingly, while this presumption does operate, at least initially, to establish the validity of a prior conviction, it can be rebutted by a defendant who produces direct evidence that his constitutional rights were violated in a prior proceeding. Once a defendant has made such a showing, the burden then shifts to the State to produce direct evidence and prove by a preponderance of the evidence that the prior conviction was not entered in violation of the defendant's rights.

Okland, No. 96-362, slip op. at 11-12.

After a review of the record, we conclude that Perry failed to present any direct evidence to establish that his constitutional rights were violated in a prior proceeding. In fact, he does not even assert, by affidavit or otherwise, that any such violations took place. We conclude, therefore, that he failed to rebut the presumption of regularity and that, for that reason, the State had no further burden of proof regarding the regularity of his prior convictions. Accordingly, we hold that the District Court did not err when it denied Elmer Dale Perry's motion. The judgment of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ JIM REGNIER
/S/ KARLA M. GRAY
/S/ WILLIAM E. HUNT, SR.
/S/ W. WILLIAM LEAPHART