No. 96-659

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

Plaintiff and Respondent,

v.

KENNETH STUBBLEFIELD,

Defendant and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Edmund F. Sheehy, Jr., Cannon & Sheehy,
Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;
Cregg W. Coughlin, Assistant Attorney General;
Helena, Montana

Mike McGrath, Lewis and Clark County Attorney;
Mike Menahan, Deputy County Attorney;
Helena, Montana

Submitted on Briefs: May 29, 1997

Decided: June 24, 1997
Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The defendant, Kenneth Stubblefield, was charged by information, filed in the District Court for the First Judicial District in Lewis and Clark County, with the offense of driving under the influence of alcohol, in violation of    61-8-401(1)(a), MCA. Based on his four prior convictions for DUI, the information charged him with a felony, pursuant to    61-8-714(4), MCA.  He moved the District Court to dismiss the felony DUI charge against him.  The court, however, denied his motions.  He appeals the judgment of the District Court.  We affirm.

The issue on appeal is whether the District Court erred when it denied Kenneth Stubblefield's motions to dismiss the felony DUI charge against him.

FACTUAL BACKGROUND

On November 29, 1995, Stubblefield moved the District Court to dismiss the felony DUI charge against him on the ground that    61-8-714(4), MCA, is, on its face, unconstitutionally vague.  The District Court denied that motion.

On May 2, 1996, Stubblefield pled guilty to the offense of DUI. He contended, however, that the court records of his prior DUI convictions do not affirmatively establish that he voluntarily waived his right to counsel in those prior proceedings and that, therefore, the District Court cannot consider his prior DUI convictions for purposes of determining whether he is guilty of the pending felony DUI charge. On that basis, he again moved the District Court to dismiss the felony DUI charge against him.

The State maintained that a presumption of regularity attaches to Stubblefield's prior convictions and, therefore, that the burden of proof is, at least initially, on Stubblefield to prove that his prior convictions were entered in violation of his constitutional right to counsel. The State submitted as evidence the court records of Stubblefield's prior convictions and presented the testimony of: (1) Thomas Pouliot, East Helena City Judge; and (2) Wallace Jewell, Lewis and Clark County Justice of the Peace. They both testified that, although they do not specifically remember Stubblefield's appearance in their respective courts, they always advise defendants regarding the right to counsel.

Stubblefield did not submit any evidence to establish that his rights were violated during the prior proceedings. In fact, he did not even assert that his prior convictions were invalid.  Rather, he contended that it is the State's burden to affirmatively prove the validity of his prior convictions.

After a hearing, the District Court concluded that Stubblefield's prior DUI convictions are presumptively valid and that he failed to rebut the presumption.

Accordingly, the court: (1) denied his motion to dismiss the felony DUI charge against
him; (2) took into consideration his prior DUI convictions for purposes of determining
whether the current DUI charge can be increased to a felony; and (3) sentenced him,
pursuant to  61-8-714(4), MCA, to a ten-year term of imprisonment, with five years
suspended on conditions, for the offense of felony DUI.

## DISCUSSION

Did the District Court err when it denied Kenneth Stubblefield's motions to dismiss
the felony DUI charge against him?

When we review a district court's conclusions of law, the standard of review is
plenary and we must determine whether the district court's conclusions are correct as a
matter of law.  State v. Rushton (1994), 264 Mont. 248, 254-55, 870 P.2d 1355, 1359;
State v. Sage (1992), 255 Mont. 227, 229, 841 P.2d 1142, 1143.  When we review a
district court's findings of fact, the standard of review is whether those findings are
clearly erroneous. Daines v. Knight (1995), 269 Mont. 320, 324, 888 P.2d 904, 906.

### Vagueness

In Montana, a fourth or subsequent DUI is punishable as a felony. The applicable
sentencing statute is  61-8-714, MCA, which provides, in relevant part, as follows:

(4)  On the fourth or subsequent conviction, the person is guilty
of a felony offense and shall be punished by imprisonment for a term of not
less than 1 year or more than 10 years and by a fine of not less than $1,000
or more than $10,000. . . .

. . . .

(6)  For the purpose of determining the number of convictions
under this section, "conviction" means a final conviction, as defined in
45-2-101, in this state . . . . An offender is considered to have been
previously convicted for the purposes of sentencing if less than 5 years have
elapsed between the commission of the present offense and a previous
conviction, unless the offense is the offender's fourth or subsequent offense,
in which case all previous convictions must be used for sentencing
purposes.

Section 61-8-714(4), (6), MCA.

Stubblefield moved the District Court to dismiss the felony DUI charge against him
on the ground that  61-8-714(4), MCA, is, on its face, unconstitutionally vague.  On
appeal, he contends that the District Court erred when it denied that motion. Specifically,
he asserts in his brief that  61-8-714(4), MCA, is facially void for vagueness "because
it does not define the conduct that is prohibited with sufficient definitiveness and does not
establish minimal guidelines to govern law enforcement."

It is well established that "if the challenged statute is reasonably clear in its
application to the conduct of the person bringing the challenge, it cannot be stricken on
its face for vagueness." State v. Lilburn (1994), 265 Mont. 258, 270, 875 P.2d 1036,

1044 (citing Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc. (1982), 455
U.S. 489, 494-95, 102 S. Ct. 1186, 1190-91, 71 L. Ed. 2d 362, 369). In other words, as the United States Supreme Court succinctly stated, "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." Parker v. Levy (1974), 417 U.S. 733, 756, 94 S. Ct. 2547, 2562, 41 L. Ed. 2d 439, 458.

We conclude that 61-8-714(4), MCA, clearly applies to Stubblefield's conduct. It is undisputed that he was convicted of DUI in the East Helena City Court on August 16, 1993; in the Lewis and Clark County Justice Court on August 26, 1993; in the Helena City Court on May 6, 1994; and again in the Helena City Court on July 13, 1994. The DUI charge alleged in this case, therefore, constitutes his fifth DUI offense. On that basis, we conclude that Stubblefield does not have standing to bring a facial vagueness challenge to 61-8-714(4), MCA.

We, therefore, hold that the District Court did not err when it denied Stubblefield's motion. Accordingly, that part of the District Court's judgment is affirmed.

The District Court's Consideration of
Stubblefield's Prior DUI Convictions

On appeal, Stubblefield contends that the records of his prior DUI convictions do not establish that he waived his right to counsel and, therefore, that the District Court erred when it considered his prior DUI convictions for purposes of determining whether the current DUI charge can be increased to a felony. On that basis, he maintains that the District Court erred when it denied his motion to dismiss the felony DUI charge against him.

In essence, Stubblefield asserts that the District Court erred when it: (a) concluded that a presumption of regularity attaches to his prior convictions; (b) did not require the State to affirmatively establish the constitutional validity of his prior convictions; and instead (c) placed the burden of proof on him to establish that his right to counsel was violated during the prior proceedings.

The State, however, maintains that a presumption of regularity attaches to prior convictions and, therefore, that the burden of proof is on a defendant to prove that his or her rights were violated during a prior proceeding. Moreover, the State asserts that, in this case, Stubblefield failed to offer any evidence that his rights were violated during the prior proceedings and that he did not even assert that any such violations

occurred.

The State's position and the District Court's decision are consistent with our recent
decision in State v. Okland (Mont. May 29, 1997), No. 96-362. In that case, we held that:

[W]e conclude that [Parke v.] Raley [(1992), 506 U.S. 20, 113 S. Ct. 517,
121 L. Ed. 2d 391,] is persuasive and that, in Montana, a presumption of
regularity attaches to prior convictions during a collateral attack.
Therefore, even in the absence of a transcript or record, a prior conviction
is presumptively valid and a defendant who challenges the validity of his
prior conviction during a collateral attack has the burden of producing
direct evidence of its invalidity.

We further conclude that the presumption of regularity is a rebuttable
presumption. Accordingly, while this presumption does operate, at least
initially, to establish the validity of a prior conviction, it can be rebutted by
a defendant who produces direct evidence that his constitutional rights were
violated in a prior proceeding.  Once a defendant has made such a showing,
the burden then shifts to the State to produce direct evidence and prove by
a preponderance of the evidence that the prior conviction was not entered
in violation of the defendant's rights.

Okland, No. 96-362, slip op. at 11-12.

After a review of the record, we conclude that Stubblefield failed to present any
direct evidence to establish that his constitutional rights were violated in a prior
proceeding. We therefore conclude that Stubblefield failed to rebut the presumption of
regularity and that, for that reason, the State had no further burden of proof regarding
the regularity of his prior convictions. On that basis, we hold that the District Court
neither erred when it denied Stubblefield's motion nor when it considered his prior DUI
convictions for purposes of determining whether the current DUI charge can be increased
to a felony.  Accordingly, the District Court's judgment is affirmed.

/S/   TERRY N. TRIEWEILER

We Concur:

/S/   KARLA M. GRAY
/S/   JAMES C. NELSON
/S/   WILLIAM E. HUNT, SR.
/S/   JIM REGNIER