No. 97-397

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 174

STATE OF MONTANA,

Plaintiff and Respondent,

v.

HAROLD JOSEPH LaPIER,

Defendant and Appellant.

APPEAL FROM: District Court of the Second Judicial District,

In and for the County of Silver Bow,

The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William F. Hooks, Appellate Defender, Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General, Tammy K. Plubell, Ass't

Attorney General, Helena, Montana

Robert M. McCarthy, Silver Bow County Attorney, Butte, Montana

Submitted on Briefs: May 28, 1998

Decided: July 16, 1998

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1 Harold LaPier (LaPier) appeals from the judgment and sentence entered by the Second Judicial District Court, Silver Bow County, on a jury verdict finding him guilty of the offense of violation of a protective order. We affirm.**

**¶2 The sole issue on appeal is whether the District Court had jurisdiction to sentence LaPier for a felony offense.**

**¶3 LaPier was charged in the District Court with the offenses of partner or family member assault and violation of an order of protection. The State of Montana (State)**

alleged that both charges were third offenses and, therefore, felonies pursuant to statutory enhancement provisions.

¶4 A jury found LaPier not guilty of assault, but guilty of violating an order of protection. The District Court ordered a presentence investigation report, which was prepared by adult parole and probation officer John J. Riley (Riley), and held a sentencing hearing. Riley testified that LaPier had two prior convictions for the offense of violating a protective order--one in the justice court and one in the police court. LaPier challenged the existence of the justice court conviction and the conviction was established via a certified copy of the judgment in that case. Riley recommended that LaPier be sentenced to the maximum term of imprisonment available for the offense but he did not offer a recommendation on further sentencing in the event the District Court determined LaPier to be a persistent felony offender. LaPier also made a lengthy statement, at the end of the sentencing hearing, that he believed he was wrongfully convicted and should not be sentenced to a term of incarceration in addition to the time already served in the county jail.

¶5 The District Court determined that LaPier was guilty of the felony offense of violation of a protective order. It fined him $2,000, sentenced him to a two-year term of imprisonment at the Montana State Prison and added a five-year term for persistent felony offender, to run consecutively to the sentence imposed for the underlying offense. LaPier also was credited for time served. The District Court entered judgment accordingly and this appeal followed.

¶6 Did the District Court have jurisdiction to sentence LaPier for the felony offense?

¶7 Based on the information in the presentence investigation report and Riley's testimony at the sentencing hearing, the District Court determined that LaPier was guilty of the felony offense of violation of a protective order because it was his third such offense. The court sentenced LaPier accordingly and LaPier contends that the court lacked jurisdiction to do so because one of the prior convictions was constitutionally infirm.

¶8 Whether a prior conviction can be used to enhance a criminal sentence is a question of law. State v. Hansen (1995), 273 Mont. 321, 323, 903 P.2d 194, 195. We review a district court's conclusions of law to determine whether they are correct. *Hansen,* 273 Mont. at 323, 903 P.2d at 195 (citations omitted).

¶9 Before turning to the issue raised by LaPier, we address a threshold issue raised by the State, namely, whether this case is properly before us. The State contends that, because LaPier did not raise the issue of whether his police court conviction was constitutionally infirm in the District Court, he may not raise it for the first time on appeal. This contention is without merit. Notwithstanding the general rule that this Court will not address an issue raised for the first time on appeal (*see* Day v. Payne (1996), 280 Mont. 273, 276, 929 P.2d 864, 866 (citation omitted)), certain jurisdictional issues constitute an exception to that general rule. Lack of subject matter jurisdiction is a nonwaivable defect which may be raised at any stage of the proceedings. *See, e.g.,* State v. Moorman (1996), 279 Mont. 330, 336, 928 P.2d 145, 148 (citation omitted); § 46-13-101(3), MCA. Thus, we turn to the issue raised by LaPier of whether the District Court had jurisdiction to sentence him for the felony offense.

¶10 The Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution guarantee an accused the fundamental right to the assistance of counsel. State v. Okland (1997), 283 Mont. 10, 14, 941 P.2d 431, 433 (citations omitted). The fundamental right extends only to cases in which a sentence of imprisonment is actually imposed. *Okland,* 283 Mont. at 14, 941 P.2d at 433 (citations omitted). Moreover, an accused may waive the right to counsel, but a waiver requires a knowing and intelligent relinquishment of a known right. *Okland*, 283 Mont. at 14, 941 P.2d at 433 (citations omitted).

¶11 It has long been established in Montana that a constitutionally infirm conviction cannot be used to support an enhanced punishment. *Okland,* 283 Mont. at 15, 941 P.2d at 434 (citing Lewis v. State (1969), 153 Mont. 460, 463, 457 P.2d 765, 766). A rebuttable presumption of regularity attaches to prior convictions during a collateral attack, however, and "a defendant who challenges the validity of his prior conviction during a collateral attack has the burden of producing direct evidence of its invalidity." *Okland,* 283 Mont. at 18, 941 P.2d at 436. If the defendant comes forward with such direct evidence, the burden shifts to the State to "produce direct evidence and prove by a preponderance of the evidence that the prior conviction was not entered in violation of the defendant's rights." *Okland,* 283 Mont. at 18, 941 P.2d at 436.

¶12 Here, LaPier contends that his police court conviction of violating an order of protection was constitutionally infirm because he was not represented by counsel and

did not waive the right to counsel. He concedes that a rebuttable presumption of regularity attaches to that conviction under *Okland*. He asserts, however, that he produced direct evidence of the constitutional infirmity during his cross-examination of Riley at the sentencing hearing and that the State did not meet its burden thereafter of proving that the prior conviction was not entered in violation of his rights. We disagree.

¶13 The judgment in LaPier's police court case reflected that he was sentenced to a term of six months in the county jail, thus triggering his right to assistance of counsel--absent a knowing and intelligent waiver of the right--as discussed above. The evidence of constitutional infirmity in his police court conviction on which LaPier relies is the following exchange regarding the judgment in that case between his counsel and Riley at the sentencing hearing:

Q. Is there anything that shows a waiver of rights to an attorney or

anything like that?

A. No, sir, not on this document.

¶14 According to LaPier, the absence of a waiver of right to counsel on the face of the judgment is direct evidence that the police court conviction was invalid for lack of a waiver. LaPier misreads our cases on the presumption of regularity and the direct evidence necessary to rebut the presumption.

¶15 In *Okland,* we clarified that the presumption of regularity which attaches to prior convictions during a collateral attack attaches even in the absence of a transcript or record. *Okland,* 283 Mont. at 18, 941 P.2d at 436. Here, the absence of a waiver of the right to counsel on the face of the judgment in the police court proceeding is merely the absence of part of the record and, under *Okland,* the rebuttable presumption of regularity attaches notwithstanding such an absence.

¶16 Nor is the "absence of a waiver" evidence on which LaPier relies the direct evidence we have held sufficient to rebut the presumption of regularity. In *Okland,* the defendant's evidence regarding the city court conviction being collaterally attacked established that he could not afford an attorney; that he requested--but was not provided--an attorney; that he was convicted without the assistance of counsel;

and that he was imprisoned for his uncounseled conviction. *Okland,* 283 Mont. at 19, 941 P.2d at 436-37. We held that the evidence was direct evidence of constitutional infirmity in the earlier proceeding sufficient to rebut the presumption of regularity. *Okland,* 283 Mont. at 19-20, 941 P.2d at 437. Similarly, in State v. Jenni (1997), 283 Mont. 21, 25, 938 P.2d 1318, 1320-21, the defendant submitted an affidavit stating that, in two earlier driving under the influence cases in justice court, he was neither represented by counsel nor informed that counsel would be appointed if he could not afford one; that he was convicted without the assistance of counsel; and that he was actually imprisoned as a result of his uncounseled convictions. Again, we concluded that the defendant's direct evidence of a constitutional infirmity in the earlier proceedings rebutted the presumption of regularity. *Jenni,* 283 Mont. at 25, 938 P.2d at 1321.

¶17 In the case presently before us, LaPier submitted no affidavit containing direct evidence of a constitutional infirmity in his police court proceeding. Nor did he advance such testimony, or address the alleged constitutional infirmity in that proceeding, during his oral statement at the sentencing hearing. The exchange between his counsel and Riley at the sentencing hearing simply does not constitute direct evidence of a constitutional infirmity in the police court conviction.

¶18 Finally, we observe that, while the arguments presented are different, this case is substantially similar to State v. Perry (1997), 283 Mont. 34, 938 P.2d 1325. There, the defendant contended that waiver of the right to counsel cannot be presumed from a silent record, and we reiterated our *Okland* determination that a presumption of regularity attaches to prior convictions during a collateral attack even in the absence of a transcript or record. *Perry,* 283 Mont. at 36-37, 938 P.2d at 1327 (citation omitted). Here, while LaPier argues that the absence of a record waiver of the right to counsel is direct evidence of a constitutional infirmity, his argument boils down to a contention that a record silent with regard to a waiver of the right to counsel renders a prior conviction invalid. The law clearly is otherwise.

¶19 We conclude that LaPier failed to present any direct evidence to establish that his constitutional rights were violated in the police court proceeding. Thus, we further conclude that he failed to rebut the presumption of regularity and, for that reason, the State had no further burden of proof regarding the regularity of the conviction in that proceeding. We hold, accordingly, that the District Court had jurisdiction to sentence LaPier for the felony offense of violating an order of

**protection.**

**¶20 Affirmed.**

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER