No. 05-316

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 48N

KYLE M. YOUNG,

      Petitioner and Appellant,

   v.

STATE OF MONTANA,

      Respondent and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                     In and For the County of Yellowstone, Cause No. DV 04-183
                     Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Kyle M. Young, *Pro Se*, Billings, Montana

      For Respondent:

          Honorable Mike McGrath, Attorney General; Jennifer Anders,
          Assistant Attorney General, Helena, Montana

          Dennis Paxinos, Yellowstone County Attorney, Billings, Montana

                              Submitted on Briefs:  February 7, 2006

                                      Decided:  March 7, 2006

Filed:

            _____
                         Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2      Kyle M. Young (Young) appeals from the order of the Thirteenth Judicial District Court, Yellowstone County, denying his petition for postconviction relief.  We affirm.

¶3      The issue before us is whether the District Court erred in denying Young's postconviction relief petition.

## BACKGROUND

¶4      In May of 2001, the District Court sentenced Young to significant terms of imprisonment at the Montana State Prison (MSP) under several cause numbers for the following offenses to which Young previously had pleaded guilty:  felony criminal endangerment, felony forgery, two counts of felony deceptive practices, and misdemeanor unlawful restraint.  The sentences included a requirement that Young pay restitution in an amount exceeding $36,000.  In September of 2002, the court entered orders reducing Young's sentences.  The court ordered the sentences to run concurrently and all were suspended; the court reimposed all the terms and conditions of probation contained in the original sentences, including the restitution obligation.

2

¶5 In January of 2003, the District Court entered judgments revoking Young's suspended sentences and resentencing him to the MSP for the same terms as imposed in September of 2002. The court ordered the sentences were to run concurrently, placed conditions on Young's eligibility for parole, and reimposed all previous conditions of sentence, including the restitution obligation. Young, acting *pro se*, appealed from the revocation of his sentences, which appeal subsequently was dismissed pursuant to Young's motion.

¶6 On February 18, 2004, Young petitioned for postconviction relief, asserting that the District Court's imposition of restitution was improper, that he received ineffective assistance of counsel and that he had been denied access to legal materials. The District Court denied Young's petition without requesting a response from the State or conducting a hearing. Young appeals.

## STANDARD OF REVIEW

¶7 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and its conclusions of law correct. *Slavin v. State*, 2005 MT 306, ¶ 7, 329 Mont. 424, ¶ 7, 127 P.3d 350, ¶ 7.

## DISCUSSION

¶8 Did the District Court err in denying Young's postconviction relief petition?

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issues are clearly controlled by settled Montana law.

¶10 Young first argues that the District Court erred in denying his claims relating to the imposition of restitution. We conclude the District Court properly denied these claims on the basis they were procedurally barred pursuant to § 46-21-105(2), MCA, because Young could have brought them on direct appeal under *Herman v. State*, 2006 MT 7, ¶¶ 54-55, 330 Mont. 267, ¶¶ 54-55, 127 P.3d 422, ¶¶ 54-55.

¶11 Young also argues that the District Court erred in denying his claim that he was provided ineffective assistance of counsel because his counsel failed to appeal when Young requested that he do so. Section 46-21-102(1)(a), MCA, provides that a postconviction relief petition must be filed within one year of the date on which the conviction becomes final. The District Court's judgments on Young's original and reduced sentences would have become final, respectively, in July of 2001 and November of 2002. Consequently, any claims relating to those judgments raised in Young's postconviction relief petition filed in February of 2004 are time-barred.

¶12 Additionally, with regard to any claim that Young's attorney provided ineffective assistance of counsel by not appealing from the District Court's order revoking his sentences, Young must establish that his counsel's performance was deficient and that this deficient performance prejudiced him. *Weaver v. State*, 2005 MT 158, ¶ 15, 327 Mont. 441, ¶ 15, 114 P.3d 1039, ¶ 15. In light of the fact that Young himself perfected—and then requested dismissal of—his appeal from the District Court's revocation order, we conclude he cannot establish that any failure of his counsel to perfect such an appeal prejudiced him.

¶13    We hold that the District Court did not err in denying Young's postconviction relief petition and, therefore, affirm.

/S/ KARLA M. GRAY

We concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE