No. 03-496

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 29

MARLON CAMARILLO,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Cause No. DV 2003-0267
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Marlon Camarillo, *pro se*, Montana State Prison, Deer Lodge, Montana

        For Respondent:

        Honorable Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant Attorney General, Helena, Montana; Dennis Paxinos, Yellowstone County Attorney, Kevin Peterson, Deputy County Attorney, Billings, Montana

Submitted on Briefs:  November 25, 2003

Decided:  February 15, 2005

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     This Court issued its original Opinion in this case on December 17, 2004 ("Camarillo I"). The State of Montana filed a Petition for Rehearing on December 30, 2004. While the State agrees with the result reached by this Court, it points out that ¶ 12 of our Opinion misstates the ultimate disposition in the case of *Jhawn Dale Thompson v. District Court of the Twenty-First Judicial District*, Cause No. 03-525. The State contends that this misconstruction of the *Thompson* decision causes it to appear that this Court has inconsistently applied the state procedural bars. We conclude that, in the interest of clarity, we must address the issue raised in the State's Petition. On January 31, 2005, we issued an Order withdrawing our Opinion in *Camarillo I*. We replace it with this superceding Opinion.

¶2     Marlon Camarillo, appearing *pro se*, appeals the District Court's denial of his Petition for Postconviction Relief. We affirm.

## ISSUE

¶3     One dispositive issue is presented for review: Did the District Court err in denying Camarillo's Petition for Postconviction Relief?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4     On September 29, 1999, Camarillo pled guilty to one count each of Deliberate Homicide, Robbery, and Aggravated Burglary. He was convicted and sentenced on January 10, 2000. On the Deliberate Homicide conviction, Camarillo received a seventy-year sentence at the Montana State Prison, with an additional ten years to run consecutively for

use of a gun. On the Robbery and Aggravated Burglary counts, Camarillo received a forty-year sentence to the Montana State Prison on each, to run concurrently.

¶5 Camarillo was sixteen years old when he and two other males broke into a Billings home on October 31, 1998. Wearing Halloween masks, they knocked on the door and forced their way into the home when a female resident opened the door. Camarillo was armed with a handgun. While his companions searched the home, he forced the woman to perform oral sex while he held a gun to her head. When a male resident of the home arrived during the break-in, Camarillo's two companions broke out a window and fled. Camarillo shot and killed the man before retreating.

¶6 Camarillo never appeared in Youth Court under the Youth Court Act because § 41-5-206(1), MCA (1997), allowed a direct filing in District Court for deliberate homicide. Camarillo was later afforded a transfer hearing pursuant to *State v. Butler*, 1999 MT 70, 294 Mont. 17, 977 P.2d 1000, soon after the issuance of that Opinion. Camarillo did not appeal from the District Court order directing that his case would proceed in District Court. After his guilty pleas and sentencing, he went to prison as an adult offender. He was further ordered to pay restitution in the amount of $24,608.68.

¶7 In March 2003, Camarillo filed a Petition for Postconviction Relief in the District Court, claiming that the sentencing court lacked jurisdiction to impose an eighty-year sentence; the court lacked jurisdiction to impose restitution; and his sentence was disproportionate to the sentences imposed upon his co-defendants. The State responded that

3

Camarillo's claims could have been raised on direct appeal, and ultimately lacked merit. The District Court agreed. From the denial of his Petition, Camarillo appeals.

## STANDARD OF REVIEW

¶8     We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous, and whether its conclusions of law are correct. *State v. Root*, 2003 MT 28, ¶ 7, 314 Mont. 186, ¶ 7, 64 P.3d 1035, ¶ 7.

## DISCUSSION

¶9     Did the District Court err in denying Camarillo's Petition for Postconviction Relief?

¶10     Camarillo argues that the District Court failed to appreciate that the sentencing court lacked subject matter jurisdiction to impose an eighty-year commitment to the Department of Corrections, because it did not have the statutory authority to impose such a sentence. Camarillo argues that his sentence is illegal because, pursuant to § 41-5-206(6), MCA (1997), a youth found guilty of deliberate homicide must be committed to the Department of Corrections, and that, pursuant to § 46-18-201(1)(e), MCA (1997), a commitment to the Department of Corrections may not exceed five years.

¶11     The State responds that, while the District Court correctly held that Camarillo's postconviction relief claims lacked substantive merit, the District Court should have dismissed the petition as untimely, pursuant to § 46-21-102, MCA (1997). However, the State points out, we will affirm a district court's ruling if the court reaches the correct result, even for the wrong reason, and urges us to do so here. *See State v. S.T.M.*, 2003 MT 221, ¶ 15, 317 Mont. 159, ¶ 15, 75 P.3d 1257, ¶ 15.

4

¶12 Camarillo draws this Court's attention to one of our Orders in *Thompson v. District Court*, 03-525. In *Thompson*, we initially determined that a seventeen-year-old's sentence of forty years to the Department of Corrections, with thirty-five years suspended, was in violation of § 41-5-206(6), MCA (1997) and § 46-18-201(1)(e), MCA (1997), on the grounds that a convicted youth must be committed to the Department of Corrections, and that a Department of Corrections commitment may not exceed five years. We further determined that, although Thompson's petition for postconviction relief was untimely under § 46-21-102(1), MCA, his petition challenged the subject matter jurisdiction of the District Court to impose a sentence in excess of five years, and thus the time-bar should not apply, as subject matter jurisdiction may be raised at any stage of judicial proceedings. However, upon a Petition for Rehearing by the State, we countermanded that Order in *Thompson*, concluding that by granting Thompson's Petition, our holding was contrary to our decisions in a multitude of cases, including *Maier v. State*, 2003 MT 144, ¶ 20, 316 Mont. 181, ¶ 20, 69 P.3d 1194, ¶ 20, and *State v. Abe*, 2001 MT 260, ¶ 15, 307 Mont. 233, ¶ 15, 37 P.3d 77, ¶ 15, in which we held that if a petition for postconviction relief is not timely filed, neither this Court nor a district court has jurisdiction to address the claims raised therein.

¶13 Camarillo does not address this latter Order in *Thompson*, but in arguing that the untimeliness of his Petition should not bar it from our consideration, also draws our attention to *State v. Moorman* (1996), 279 Mont. 330, 336-37, 928 P.2d 145, 149, in which we held that the procedural bar rule contained at § 46-21-105(2), MCA, does not apply in a petition for postconviction relief when the sentencing court lacked subject matter jurisdiction to

5

impose the particular sentence. Camarillo urges that we should consider his Petition as we did Moorman's.

¶14 However, since *Moorman* was decided we have decided *Pena v. State*, 2004 MT 293, 323 Mont. 347, 100 P.3d 154, in which we overruled the holding of *Moorman* and its ilk, on the grounds that a sentence which is illegal because it exceeds its statutory authority does not divest a court of subject matter jurisdiction, and that a claim that a sentence is illegal is a nonjurisdictional claim for the purposes of the postconviction relief statutes. *Pena*, ¶ 25.

¶15 In *Pena*, the appellant, coincidentally, was one of Camarillo's co-defendants, and was seventeen years old at the time of the crime. *Pena*, ¶ 4. Pena was sentenced to the Montana State Prison as an adult offender for a total of forty-five years, and did not appeal his conviction or sentence. *Pena*, ¶ 9.

¶16 On October 16, 2002, Pena filed a *pro se* petition for postconviction relief, followed by an amended petition for postconviction relief on March 5, 2003, in which he was represented by counsel. *Pena*, ¶ 12. Pena argued that his sentence was illegal for the same reasons which Camarillo puts forth here today. *Pena*, ¶ 12.

¶17 In *Pena*, we differentiated between subject matter jurisdiction and an illegal sentence, explaining,

> [A]lthough Pena argues that the sentencing court lacked subject matter jurisdiction to sentence him to the DOC for more than five years . . . [his] argument is not properly characterized as a jurisdictional inquiry. Whether a district court commits a statutory error in imposing a sentence must not be confused with the question of whether the court had the "power" or "capacity" to impose the sentence in the first instance. An error in sentencing does not divest a district court of subject matter jurisdiction over the case before it.

*Pena*, ¶ 22. We further noted that the sentencing court possessed subject matter jurisdiction pursuant to Article VII, Section 4, of the Montana Constitution, because this grants district courts original jurisdiction in felony cases. *Pena*, ¶ 23. We concluded that Pena's assertion that the District Court lacked subject matter jurisdiction to impose the sentence he received would be more accurately characterized as a claim that his sentence was illegal as exceeding statutory authority. *Pena*, ¶ 24. We then determined that, as the untimeliness of Pena's postconviction relief petition did not meet any of the statutory exceptions to timeliness, his petition was time-barred pursuant to § 46-21-102, MCA. *Pena*, ¶ 29.

¶18 The issues which Camarillo attempts to raise on postconviction petition could have been--but were not--raised on direct appeal. Under § 46-21-105(2), MCA (1997), grounds for relief that could have been raised on direct appeal but were not raised, may not be brought on a petition for postconviction relief. Furthermore, Camarillo did not file his Petition for Postconviction Relief until March 13, 2003, more than three years after the final judgment was entered in his case. Under § 46-21-102, MCA, all petitions for postconviction relief must be filed within one year of the date that the conviction became final.

¶19 Thus, we conclude that Camarillo's Petition for Postconviction Relief is untimely. While the District Court denied Camarillo's Petition on its merits, we will affirm a district court's ruling if the court reaches the correct result, even for the wrong reason. *S.T.M.*, ¶ 15. We do so here.

## CONCLUSION

¶20 For the foregoing reasons, we affirm the District Court.

7

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON