No. 04-505

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 277

STATE OF MONTANA,

Plaintiff and Appellant,

v.

BILLY JIVELEKAS,

Defendant and Respondent.

APPEAL FROM:     The District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 2001-0820,
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Honorable Mike McGrath, Attorney General; Brenda E. Thompson,
Special Assistant Attorney General, Department of Corrections,
Helena, Montana

Dennis Paxinos, County Attorney; Mark Murphy, Chief Deputy
County Attorney, Billings, Montana

For Respondent:

Nancy Schwartz, Attorney at Law, Billings, Montana

Submitted on Briefs:  July 26, 2005

Decided:  November 3, 2005

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     The State of Montana appeals the District Court's order filed May 3, 2004, granting Billy Jivelekas approval to operate a vehicle for employment purposes. We affirm.

¶2     The State argues on appeal that § 61-8-731, MCA (2001), legally prohibits the District Court from granting Jivelekas approval to operate a motor vehicle. Jivelekas argues that the appeal should be dismissed because the State did not file its appeal within fourteen days of the District Court's original order and judgment filed April 25, 2002, as mandated by Rule 5(b), M.R.App.P. Because we agree with Jivelekas that the State's appeal is untimely, we dismiss.

¶3     We state the issues as follows:

¶4     1. Whether the District Court had jurisdiction to hear Jivelekas's motion.

¶5     2. Whether the State is time-barred from appealing the District Court's order and judgment of April 24, 2002.

## BACKGROUND

¶6     On April 25, 2002, the Montana Thirteenth Judicial District Court of Yellowstone County filed judgment convicting Jivelekas of Count I, Driving Under the Influence of Alcohol and/or Drugs (Felony), and Count II, Driving while the Privilege to do so is Suspended or Revoked (Misdemeanor). The District Court sentenced Jivelekas to the Department of Corrections (DOC) for thirteen months, followed by five years of probation. Jivelekas completed his term with the DOC and, on October 21, 2002, successfully graduated from the Warm Springs Addiction Treatment and Change (WATCh) program. The next day,

Jivelekas entered the department's probation program in Billings under the supervision of Probation Officer Mary Aggers.

¶7 The issue disputed by the parties stems from condition #13 of the District Court's original judgment and order filed April 25, 2002, which states:

> The defendant shall not at anytime, anywhere, any place nor under any circumstances drive/operate a motor vehicle *unless approved by the sentencing Court and/or defendant's Supervising Officer* at such period when determined defendant possesses a valid driver's license and insurance. At such period when determined defendant is legally able to drive/operate a motor vehicle, defendant shall maintain an Ignition Interlock system on his motor vehicle for a period of no less than (1) one year while on supervised probation. [Emphasis added.]

¶8 Nearly two years later, on April 8, 2004, Jivelekas filed with the District Court a motion asking for approval to operate a motor vehicle, pursuant to condition #13 of the judgment and order. Jivelekas informed the court that he had served his time with DOC, as well as successfully completed the WATCh program, along with sixteen weeks of Aftercare, eight weeks of Relapse Prevention, one year of monthly monitoring, and ninety Alcoholics Anonymous meetings in ninety days. He also had no incidences of drinking while on probation.

¶9 In his motion, Jivelekas explained that he worked full-time at Rocky Mountain Leisure Spas making repair calls at customers' homes. Because this employment requires driving to job sites, Jivelekas's inability to operate the company vehicle required his employer, Scott Oleson, or another employee, to serve as his driver. Due to this inconvenience, Jivelekas's hours dropped to almost half, and according to Oleson, created

3

a hardship on the company. For these reasons, Jivelekas requested that the District Court authorize him to drive his personal vehicle to and from work as long as he maintained a valid driver's license and equipped his vehicle with an ignition interlock device. Jivelekas further requested permission to operate the company vehicle, not equipped with an interlock device, during work hours only.

¶10 The Yellowstone County Attorney did not object to Jivelekas's motion; however, Jivelekas's probation supervisor, Officer Aggers, opposed the motion. On behalf of Officer Aggers, the DOC filed an objection in District Court based in relevant part on § 61-8-731, MCA (2001):

> (3) The court shall, as a condition of probation, order:
> . . .
> (e) that the person may not operate a motor vehicle *unless authorized by the person's probation officer*. [Emphasis added.]

Pursuant to the above statute, the DOC argued that the District Court went beyond its authority by including condition #13 in its judgment and order, permitting Jivelekas to seek approval from the District Court to operate a motor vehicle. Despite the DOC's objection, the District Court granted Jivelekas permission to drive in an order filed May 3, 2004.

## DISCUSSION

**1. Whether the District Court had jurisdiction to hear Jivelekas's motion**.

¶11 Because jurisdictional challenges are not subject to time constraints, the DOC attempts to circumvent a time-bar on this appeal by arguing that the DOC "does not allege the District Court imposed an *illegal sentence*," but rather, "the District Court did not have *jurisdiction* to hear Mr. Jivelekas's motion . . . ." (Emphasis added.) The DOC cites *Peña*

4

*v. State*, 2004 MT 293, ¶ 22, 323 Mont. 347, ¶ 22, 100 P.3d 154, ¶ 22, in which this Court held that "'jurisdictional' claims are those which challenge a court's 'power' or 'capacity' to entertain the subject matter of the proceeding and render a determination therein." The DOC correctly cites *Peña* as precedent; however, further reading of the case fails to support the DOC's jurisdictional argument.

¶12 In *Peña*, the District Court sentenced seventeen-year-old Marcellino Peña to the Montana State Prison as an adult offender for a total of forty-five years on charges of deliberate homicide and aggravated burglary. Peña filed a petition for postconviction relief in the District Court, arguing that the court imposed an illegal sentence because, pursuant to § 41-5-206(6), MCA (1997), of the Youth Court Act, youths must be sentenced to the DOC, and, pursuant to § 46-18-201(1)(e), MCA (1997), the maximum sentence to which an individual could be sentenced to the DOC is five years. *Peña*, ¶ 12. Peña further argued that pursuant to subpart (e) of the sentencing statute, § 46-18-201, MCA, the District Court lacked subject matter jurisdiction to sentence him to more than five years with the DOC. *Peña*, ¶ 16.

¶13 In addressing Peña's argument, we looked to Article VII, Section 4, of the Montana Constitution, which provides the following:

> Section 4. District court jurisdiction. (1) The district court has *original jurisdiction in all criminal cases amounting to a felony* and . . . such additional jurisdiction as may be delegated by the laws of the United States or the state of Montana.

*Peña*, ¶ 21 (emphasis added). We then explained that jurisdiction is the "'power' or 'capacity' of a district court to hear a particular action as well as render a judgment therein."

*Peña*, ¶ 21. In conclusion, we held:

> "[J]urisdictional" claims are those which challenge a court's "power" or "capacity" to entertain the subject matter of the proceeding and render a determination therein. Thus, although Peña argues that the sentencing court lacked subject matter jurisdiction to sentence him to the DOC for more than five years by virtue of §§ 41-5-206(6) and 46-18-201(1), MCA, Peña's argument is not properly characterized as a jurisdictional inquiry. *Whether a district court commits a statutory error in imposing a sentence must not be confused with the question of whether the court had the "power" or "capacity" to impose the sentence in the first instance. An error in sentencing does not divest a district court of subject matter jurisdiction over the case before it.*

*Peña*, ¶ 22 (emphasis added). *See also Camarillo v. State*, 2005 MT 29, ¶ 17, 326 Mont. 35, ¶ 17, 107 P.3d 1265, ¶ 17; and *Sanders v. State*, 2004 MT 374, ¶ 15, 325 Mont. 59, ¶ 15, 103 P.3d 1053, ¶ 15.

¶14 Despite the DOC's assertion that it "does not allege the district court imposed an illegal sentence," only that the court "did not have jurisdiction to hear Mr. Jivelekas's motion," we find the former to be a more accurate characterization of the DOC's objection. The DOC argues that "the lower court did not have statutory authority because Montana explicitly gives a probation officer, not the district court, the discretion to determine when a felony DUI offender should operate a motor vehicle." As we have previously noted: "A sentence not based on statutory authority is an illegal sentence." *State v. Ruiz*, 2005 MT 117, ¶ 12, 327 Mont. 109, ¶ 12, 112 P.3d 1001, ¶ 12 (citing *Peña*, ¶ 24). "An error in sentencing does not divest a district court of subject matter jurisdiction over the case before it." *Peña*,

6

¶22. Thus, even assuming, arguendo, that the District Court exceeded its statutory authority, it still had jurisdiction over Jivelekas's motion.

**2. Whether the State is time-barred from appealing the District Court's order and judgment filed April 25, 2002.**

¶15 Without question, the terms of condition #13 in the judgment and order grant both the probation officer and/or the sentencing court the authority to reinstate Jivelekas's driving privileges, creating a conflict with § 61-8-731, MCA. Jivelekas acknowledges as much, noting that the sentencing order's language conflicts "with the precise statutory language" of § 61-8-731, MCA.

¶16 In accordance with subsection (2) of § 46-20-103, MCA, which provides "[t]he State may appeal from any court order or judgment the substantive effect of which results in . . . (h) imposing a sentence that is contrary to law," the DOC filed an objection to Jivelekas's motion requesting approval to operate a motor vehicle. The DOC argued that based on § 61-8-731, MCA, the District Court had no authority to entertain a motion to grant Jivelekas permission to operate a motor vehicle.

¶17 On appeal, the DOC asks this Court to conclude that the District Court exceeded its scope of authority when it granted Jivelekas's motion for approval to operate a motor vehicle. We are precluded, however, from addressing the merits of this argument because the DOC failed to file a timely appeal under Rule 5(b), M.R.App.P. The Rule states that "[a]n appeal from an order or judgment made appealable by section 46-20-103, Montana Code Annotated must be taken within 14 days." The District Court filed its judgment and

order sentencing Jivelekas on April 25, 2002. Consequently, the DOC should have filed its appeal within fourteen days of April 25, 2002. Instead, the DOC filed an appeal on May 17, 2004. While § 46-18-116(3), MCA, provides that "[t]he court may correct a factually erroneous sentence or judgment at any time," the statute clearly states that "*[i]llegal sentences* must be addressed in the manner provided by law for appeal . . . ." (Emphasis added.) Since the DOC's appeal is not within the fourteen-day period provided by law, Rule 5(b), M.R.App.P., the appeal is time-barred.

¶18    This appeal is dismissed.


                              /S/ W. WILLIAM LEAPHART


We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS