No. 05-737

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 332N

MARK TREINER,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM:    The District Court of the First Judicial District,
                In and For the County of Lewis and Clark, Cause No. CDV 2004-509,
                Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Mark Treiner (pro se), Deer Lodge, Montana

        For Respondent:

        Hon. Mike McGrath, Montana Attorney General, Micheal S. Wellenstein,
        Assistant Attorney General, Helena, Montana

        Leo J. Gallagher, Lewis and Clark Attorney, Helena, Montana

                                        Submitted on Briefs:  October 25, 2006

                                        Decided:  December 12, 2006

Filed:

        _____
                            Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Mark Treiner appeals an order of the District Court for the First Judicial District, Lewis and Clark County, denying his Petition for Postconviction Relief as untimely. On August 22, 2002, Treiner pled guilty to three felony counts: criminal distribution of dangerous drugs; sexual assault of a minor (common scheme); and sexual abuse of children (common scheme). The District Court sentenced Treiner to twenty years in prison for the drug offense; forty years in prison for the sexual assault offense; and forty years in prison for the sexual abuse offense. The court suspended both of the forty-year terms and declared Treiner ineligible for parole during his twenty-year prison term.

¶3     The District Court also ordered Treiner to pay restitution for the counseling that his victims had undergone and would undergo in the future. To satisfy the financial obligations imposed by the judgment, the court ordered the forfeiture and sale of Treiner's vehicles and firearms as well as the forfeiture of his bank accounts and any future inheritance he might receive. The District Court entered its written judgment on October 22, 2002, and later amended that judgment on October 25, 2002, to clarify the sentences, and again on November 6, 2002, to substitute the phrase "ineligible for parole" for "illegible for parole." Treiner did not appeal his convictions or sentence.

¶4     On June 22, 2004, the State moved the District Court for permission to destroy Treiner's firearms rather than sell them.  The motion was made at the request of the Helena Police Department who did not want to create a liability by selling the guns to the public.  In the motion, the State represented that neither Treiner nor his counsel objected. The court granted the motion allowing the destruction of the firearms and stated that the remaining portions of the amended judgment would remain in full force and effect.

¶5     On July 27, 2005, Treiner filed his *pro se* Petition for Postconviction Relief and Supporting Memorandum wherein he claimed that the District Court violated his due process rights when it restricted his parole eligibility and failed to set forth its reasons for doing so.  Treiner also claimed that the court violated his due process rights when it ordered him to pay restitution and to forfeit his property to satisfy his restitution obligation.  In response, the State argued that Treiner's petition was time barred by § 46-21-102, MCA.  The District Court agreed and denied Treiner's Petition for Postconviction Relief.  The District Court also concluded that, contrary to Treiner's assertions, the sentence imposed complied with the law.

¶6     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶7     We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous, and whether its conclusions of law are correct.  *Camarillo v. State*, 2005 MT 29, ¶ 8, 326 Mont. 35, ¶ 8,

3

107 P.3d 1265, ¶ 8 (citing *State v. Root*, 2003 MT 28, ¶ 7, 314 Mont. 186, ¶ 7, 64 P.3d 1035, ¶ 7).

¶8 In the instant case, we hold that the District Court violated § 46-18-116(2), MCA (regarding the correction of a sentence or judgment), when it amended the judgment on June 22, 2004, to allow for the destruction of firearms. However, under M. R. App. P. 5(b), Treiner had 60 days from June 22, 2004, to appeal that decision, which he failed to do. Because his claim that the District Court erred in ordering his firearms destroyed rather than sold could have been raised in a direct appeal, it cannot be brought on a petition for postconviction relief. Section 46-21-105(2), MCA, the issue preclusion provision of the postconviction statutes, provides in part:

> When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under [the chapter on postconviction proceedings].

¶9 We have previously stated that postconviction relief is not intended as a substitute for direct appeal. *DeShields v. State*, 2006 MT 58, ¶ 15, 331 Mont. 329, ¶ 15, 132 P.3d 540, ¶ 15. Rather, it is intended as an opportunity to explore only those issues that are not properly considered on direct appeal. *See DeShields*, ¶ 15.

¶10 As to the other claims that Treiner raises concerning restitution and restrictions on his parole eligibility, we hold that those claims are also procedurally barred by § 46-21-105(2), MCA, because they could have been raised on direct appeal from the November 6, 2002 judgment.

¶11    While the District Court denied Treiner's petition because it was not filed within one year of the final judgment pursuant to § 46-21-102(1)(a), MCA, we will not reverse a district court when it reaches the right result, even if it reached that result for the wrong reasons. *Palmer v. Bahm*, 2006 MT 29, ¶ 20, 331 Mont. 105, ¶ 20, 128 P.3d 1031, ¶ 20 (citing *State v. Veis*, 1998 MT 162, ¶ 16, 289 Mont. 450, ¶ 16, 962 P.2d 1153, ¶ 16). Accordingly, we hold that the District Court did not err in denying Treiner's Petition for Postconviction Relief.

¶12    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS