DA 06-0226

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 137

HAROLD LEE STEVENS,

       Petitioner and Appellant,

   v.

STATE OF MONTANA,

       Respondent and Respondent.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-03-968
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Daniel Donovan; Thompson, Potts & Donovan, Great Falls, Montana

       For Respondent:

       Hon. Mike McGrath, Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

       Fred Van Valkenburg, Missoula County Attorney; Suzy Boylan-Moore,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  January 24, 2007

Decided:  June 12, 2007

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     The Fourth Judicial District Court, Missoula County, denied and dismissed Harold Lee Stevens' petition for postconviction relief. Stevens appeals. We affirm.

¶2     We restate the issues on appeal as follows:

¶3     1. Are Stevens' claims that his trial counsel rendered ineffective assistance by failing to file a motion for severance and by remarks made in closing argument procedurally barred and untimely because Stevens did not assert them in his petition for postconviction relief?

¶4     2. Has Stevens established ineffective assistance of counsel in his remaining claims?

BACKGROUND

¶5     In 1999, the State of Montana charged massage therapist Harold Lee Stevens with multiple offenses against clients: five counts of sexual intercourse without consent, one count of attempted sexual intercourse without consent, five counts of misdemeanor sexual assault, and one count of witness tampering. A jury found Stevens guilty of three counts of sexual intercourse without consent and three counts of sexual assault, and acquitted him of the remaining charges. Stevens appealed. We reduced two of his convictions of sexual intercourse without consent to misdemeanor sexual assaults, and affirmed the remaining convictions. *See State v. Stevens*, 2002 MT 181, 311 Mont. 52, 53 P.3d 356 (*Stevens I*).

¶6     Stevens timely petitioned the District Court for postconviction relief. His petition included claims of ineffective assistance of counsel, a claim that the sentence imposed upon him amounted to cruel and unusual punishment, and a claim that the District Court and the

2

county attorney should have recused themselves because two victims were probation officers who worked closely with the judge and prosecutors. After the State of Montana filed its response, Stevens filed an affidavit for disqualification of the presiding district judge for cause, alleging the judge had displayed personal bias and prejudice towards him. A second district judge, called in to hear the disqualification proceeding, conducted a hearing and found no merit to the claim that the presiding district judge should be disqualified. The District Court then held a hearing on the claims for postconviction relief, at which Stevens presented, as an expert witness, a criminal defense attorney who testified how he would have handled Stevens' case differently. The court later issued findings, conclusions and an order denying the petition for postconviction relief. Stevens appeals.

STANDARD OF REVIEW

¶7     We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Jenkins*, 2001 MT 79, ¶ 9, 305 Mont. 95, ¶ 9, 23 P.3d 201, ¶ 9 (citations omitted). Claims of ineffective assistance of counsel are mixed questions of law and fact. We review these claims *de novo*. *State v. Kougl*, 2004 MT 243, ¶ 12, 323 Mont. 6, ¶ 12, 97 P.3d 1095, ¶ 12 (citations omitted).

**ISSUE 1**

¶8     **Are Stevens' claims that his trial counsel rendered ineffective assistance by failing to file a motion for severance and by remarks made in closing argument procedurally barred and untimely because Stevens did not assert them in his petition for postconviction relief?**

3

¶9     Stevens argues his trial counsel rendered ineffective assistance by failing to move to sever trial of one of the sexual intercourse without consent charges, and by making certain remarks during closing argument. Stevens did not assert either of these claims in his petition for postconviction relief, nor did he file an amended petition including the claims. Instead, he first raised these arguments during the hearing on his petition.

¶10    The District Court found these two claims to be without merit. Because we conclude the claims are procedurally barred, we do not reach their merits.

¶11    The statutory pleading requirements for presenting postconviction claims are stringent. A petition for postconviction relief must

> clearly set forth the alleged violation or violations[,] . . . identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts . . . . The petition must be accompanied by a supporting memorandum, including appropriate arguments and citations and discussion of authorities.

Section 46-21-104(1)(a) and (c) and (2), MCA. As to these two claims, Stevens met none of the statutory requirements. These two claims were not even so much as mentioned in Stevens' petition for postconviction relief, which was filed on the last day of the one-year period allowed for filing such petitions. *See* § 46-21-102, MCA.

¶12    We will affirm a correct result even if the district court reached it for the wrong reason. *Camarillo v. State*, 2005 MT 29, ¶ 11, 326 Mont. 35, ¶ 11, 107 P.3d 1265, ¶ 11 (citation omitted). We affirm the District Court's dismissal of Stevens' claims that his trial counsel rendered ineffective assistance by remarks made in closing argument and by his failure to file a motion for severance.

**ISSUE 2**

¶13    **Has Stevens established ineffective assistance of counsel in his remaining claims?**

¶14    In order to establish a claim of ineffective assistance of counsel, a defendant must prove that his counsel's performance was deficient—that is, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment—and that counsel's deficient performance was prejudicial. *State v. Hendershot*, 2007 MT 49, ¶ 22, 336 Mont. 164, ¶ 22, 153 P.3d 619, ¶ 22, *citing Strickland v. Washington*, 466 U.S. 668, 685, 104 S.Ct. 2052, 2063 (1984).   The range of reasonably effective assistance is wide, and there is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Weaver v. State*, 2005 MT 158, ¶ 15, 327 Mont. 441, ¶ 15, 114 P.3d 1039, ¶ 15 (citation omitted).   Moreover, if a defendant does not carry his burden of demonstrating that trial counsel's performance fell below the level of competency reasonably demanded of attorneys under the Sixth Amendment, there is no need for us to address the prejudice prong of the *Strickland* test. *State v. Hanson*, 283 Mont. 316, 328-29, 940 P.2d 1166, 1174 (1997).

¶15    On appeal, Stevens reiterates the claims of ineffective assistance of trial counsel raised in his petition for postconviction relief:  namely, ineffective assistance in advising him not to testify on his own behalf at trial; and ineffective assistance in failing both to conduct an adequate pretrial investigation and to call witnesses for the defense at trial.

**Advising Stevens not to testify**

¶16    At the postconviction hearing, Stevens' expert witness testified that precluding

5

Stevens from testifying at trial when he wanted to testify constituted ineffective assistance of counsel. He also agreed, on cross-examination, that there was a downside to Stevens testifying at trial. Stevens' trial counsel testified he advised Stevens not to testify at trial because Stevens intended to testify that he believed all of the alleged victims had consented to sexual contact with him. Counsel stated he simply did not believe the jury would have believed Stevens, "and probably would have found him guilty on everything." Counsel testified that Stevens agreed with his advice not to testify and he did not recall any subsequent occasion on which Stevens indicated he wanted to testify.

¶17 The District Court found that, prior to trial, Stevens admitted sexual conduct with the victims to law enforcement, but maintained the victims did not object to the sexual conduct. The court found—based on trial counsel's testimony—that the defense strategy was to take the "eyes of the jurors off of the Defendant by stressing that the facts were insufficient to sustain the charges." The District Court also found that Stevens' expert at the hearing agreed there was a downside to Stevens testifying at trial and, accordingly, trial counsel's decision not to put him on the stand was reasonable and sound trial strategy.

¶18 The District Court's findings are supported by substantial credible evidence and are not otherwise clearly erroneous. We hold that Stevens did not carry his burden of establishing his counsel's performance was deficient in this regard.

**Inadequate pretrial investigation and failing to call witnesses for the defense at trial**

¶19 On appeal, Stevens complains his trial counsel failed to investigate and present impeaching evidence from the family of the victim of Count I—the count of sexual

6

intercourse without consent upon which we upheld his conviction in *Stevens I*—to the effect that the victim is not a truthful person. Stevens' expert witness testified he would have presented testimony by the mother of the victim of Count I, and also would have interviewed the victim's ex-husband and her sister regarding the victim's truthfulness.

¶20 In this regard, Stevens relies on *Hans v. State*, 283 Mont. 379, 942 P.2d 674 (1997), for the principle that interviewing potential witnesses is not a strategy choice, but a specific duty inherent in counsel's duty to investigate a case. A close reading of *Hans*, 238 Mont. at 392, 942 P.2d at 682, however, reveals that *State v. Denny*, 262 Mont. 248, 865 P.2d 226 (1993), is our seminal case on the critical importance of defense counsel's interviewing of potential witnesses. In *Denny*, we concluded that trial counsel had a duty to investigate and interview witnesses who may have had information about Denny's defense and that counsel's failure to do so established the "deficient performance" prong of the *Strickland* test. *Denny*, 262 Mont. at 253-54, 865 P.2d at 229.

¶21 In the present case, Stevens' trial attorney testified at the postconviction hearing that he and his investigator had located the victim's mother, who told them that—although she had had concerns about her daughter's truthfulness in the past—she had changed her opinion and now believed her daughter's claim that Stevens had assaulted her. According to trial counsel, the mother also related she had no first-hand knowledge of an alleged prior false claim of sexual assault made by her daughter. Based on those statements by the victim's mother, counsel told the court he foresaw significant problems with having the mother testify. The District Court concluded counsel's decision not to pursue the victim's mother as

7

a defense witness was a reasonably sound strategic decision.

¶22 Stevens' expert witness also testified he would have attempted to interview the victim's sister and ex-husband concerning their opinions as to the victim's truthfulness regarding this incident and an alleged prior incident in which she was raped. Trial counsel indicated he tried to locate the sister and ex-husband but could not, and the court made no findings or conclusions as to those two potential witnesses.

¶23 Stevens' expert also testified that, based on the information he had been given, he would have presented testimony from co-workers of the victim of Count I regarding her credibility. In that regard, trial counsel testified that he and his investigator located at least one co-worker who had reportedly questioned the victim's credibility, but they learned the co-worker had no provable factual basis for her belief. Counsel testified he concluded this would present an evidentiary problem and would not tactically help the defense's case. The District Court concluded the decision not to call the victim's co-workers as witnesses was a reasonably sound strategic decision and did not constitute deficient performance.

¶24 Stevens also argues his counsel rendered ineffective assistance by failing to investigate information that the victim of Count I had told police she had bruised her face when she fell from a horse the day before Stevens assaulted her, whereas she actually had been injured by her husband. Stevens' expert testified he would have tried to locate a possible witness who might have been able to refute or confirm the victim's story about falling from a horse. In this regard, trial counsel testified he believed the issue of whether the victim was a battered wife was not relevant to the case, and the District Court agreed. The

District Court concluded counsel's failure to investigate this was not unreasonable absent a showing that a battered wife has an elevated likelihood of initiating sexual contact with a man who is not her husband. No such showing was made.

¶25 Finally, Stevens claimed his counsel should have offered evidence of his good character. He compares this case to *State v. LaValley*, 203 Mont. 393, 399-400, 661 P.2d 869, 873 (1983), where we reversed a conviction due to counsel's ineffective representation, including failure to conduct pretrial interviews with character witnesses he called at trial. The present case does not involve a claim that defense counsel called witnesses at trial whom he had failed to interview; indeed, the claim here is nearly the opposite. *LaValley* is inapplicable here.

¶26 The District Court addressed the good character claim in a manner similar to the way it addressed Stevens' claim that his attorney rendered ineffective assistance by advising him not to testify—by referring to counsel's trial strategy of taking the focus off Stevens and putting it on the insufficiency of the evidence. The court concluded calling character witnesses on Stevens' behalf would have been contrary to that strategy and would have directed the jury's focus back to Stevens.

¶27 With regard to Stevens' claims of ineffective assistance regarding inadequate pretrial investigation and failure to call witnesses, we hold that the District Court's findings of fact are not clearly erroneous and its conclusions of law are correct. That another lawyer might have handled the case differently does not render counsel ineffective. *State v. Turner*, 2000 MT 270, ¶ 64, 302 Mont. 69, ¶ 64, 12 P.3d 934, ¶ 64 (citation omitted). Here, Stevens' trial

9

counsel provided reasonable strategic bases for each of his challenged actions and inactions; Stevens has not established that counsel's performance was deficient. As a result we do not reach the prejudice prong of the *Strickland* test.

¶28    Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS