

DA 09-0163

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 313N

STATE OF MONTANA,

 Plaintiff and Appellee,

 v.

B.J. and J.J.,

 Defendants and Appellants.

APPEAL FROM: District Court of the Twenty-Second Judicial District,
In and For the County of Stillwater, Cause Nos. DC 08-21 and DC 08-22
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

 For Appellants:

 Jeffrey G. Michael, Attorney at Law, Billings, Montana

 For Appellee:

 Hon. Steve Bullock, Montana Attorney General; Jonathan M. Krauss
Assistant Attorney General, Helena, Montana

 John Petak, III, Stillwater County Attorney, Columbus, Montana

Submitted on Briefs: September 3, 2009

Decided: September 22, 2009

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Youths, sisters J.J. and B.J., appeal from the Twenty-Second Judicial District Court's order dismissing their appeals from convictions in Justice Court for minor in possession of alcohol and denying their petitions for postconviction relief. We affirm.

¶3     The Justice Court sentenced J.J. and B.J. with the statutory punishments set forth in § 45-5-624(2)(a)(i), MCA, following their entry of guilty pleas for minor in possession of alcohol. The juvenile probation officer eventually prepared a consent adjustment under § 41-5-1302, MCA, to resolve allegations that J.J. and B.J. had failed to provide breath or urine tests and had failed to complete community service. The State filed a petition for revocation of the consent adjustment in Youth Court on March 25, 2008. J.J. and B.J. denied the allegations at the initial hearing and the Youth Court released the sisters to the custody of their mother subject to specific conditions of the release.

¶4     The State filed a petition to revoke the court's release order on April 10, 2008, with a recommendation that J.J. and B.J. be placed in secure detention at the Ted Lechner Detention Facility in Billings. The court convened the detention hearing at which the State alleged that J.J. and B.J. were youths in need of intervention. The court ordered J.J. and B.J. to be placed at the Ted Lechner Youth Detention Facility on the shelter care side for a period of 45 days

2

or for such time as may be necessary for J.J. and B.J. to complete the Family Stabilization Program.

¶5     The court set further proceedings in the Youth Court matter for April 23, 2008. The court continued the hearing to accommodate the wishes of the Youth Court officer and the sisters' mother. The court reset the hearing for June 17, 2008. The Office of Public Defender, now appointed to represent the sisters, attempted to substitute counsel in the case through an untimely filing. The State then filed a motion to dismiss with prejudice the Youth Court proceedings on the grounds that the youths had discharged their sentences. The Youth Court granted the State's motion to dismiss with prejudice.

¶6     The youths filed notices of appeal to District Court seeking to appeal their underlying MIP convictions. The State filed a motion to dismiss the appeals premised upon the sisters' earlier plea of guilty in Justice Court and asserting that the sisters had filed untimely notices of appeal. The State further contended that the matter should have been more appropriately filed as a petition for postconviction relief. The sisters filed a response to the State's motion that sought to have the court view their notices of appeal as petitions for postconviction relief.

¶7     The District Court recognized that the Justice Court had included a number of sentencing provisions not authorized by § 45-5-624, MCA. The court determined, however, that the youths could secure no relief on appeal because they initially had entered pleas of guilty to the MIP charges in Justice Court and they had filed untimely notices of appeal. With respect to the sisters' petition for postconviction relief, the court determined that the

3

record demonstrated that the Justice Court's jurisdiction had expired by operation of law. The District Court acknowledged that the sisters' claims challenging the Justice Court's imposition of breathalyzers and urinalysis testing had merit. The court once again concluded, however, that the unlawful provision no longer applied to the sisters and did not constrain their conduct in any way. As a result, the District Court determined that any relief it could have provided was now moot. J.J. and B.J. appeal.

¶8     We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Stevens v. State*, 2007 MT 137, ¶ 7, 337 Mont. 400, 162 P.3d 82. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that substantial evidence supports the District Court's findings of fact and that the District Court's legal conclusions were correct.

¶9     We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JIM RICE

4