
DA 12-0366

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 297N

JAMES E. SCRIVER, JR.,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Ninth Judicial District,
                    In and For the County of Teton, Cause No. DDV 11-038
                    Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                James E. Scriver, Jr. (self-represented); Deer Lodge, Montana

        For Appellee:

                Steve Bullock, Montana Attorney General; Mark W. Mattioli,
                Assistant Attorney General, Helena, Montana

                Joe Coble, Teton County Attorney, Choteau, Montana

                        Submitted on Briefs:  October 24, 2012

                                        Decided:  December 19, 2012

Filed:

                    _____
                                Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    James Scriver, Jr. appeals from the District Court's Order Denying Petition for Postconviction Relief, filed June 5, 2012.  We reverse and remand.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3    In 1995 the State of Montana charged Scriver with sexual assault, a felony.  He was released from custody on the condition that he appear at all subsequent court proceedings.  He failed to do so and absconded for a period of years.  In 2003 he surrendered to authorities in Idaho.  The Idaho authorities subsequently released him, allegedly because Montana failed to timely extradite him.  Six years later in 2009, Scriver was arrested in Wyoming and returned to Montana to face the sexual assault charge.  Upon his return he was additionally charged with bail jumping for having absconded from prosecution since 1995.

¶4    Scriver ultimately entered an agreement to plead guilty to sexual assault and bail jumping.  The District Court accepted Scriver's plea and in September 2010 sentenced him to 20 years at the Montana State Prison for sexual assault, restricting parole and good time allowance, and designating him as a Tier 2 sex offender.  The District Court

2

sentenced Scriver to five years for bail jumping, to run consecutive to the sentence for sexual assault.

¶5     Scriver did not appeal, but obtained sentence review, which left his sentence unchanged. In August 2011, Scriver petitioned pro se for postconviction relief, claiming that he was provided ineffective assistance of counsel prior to entering guilty pleas to felony sexual assault and bail jumping. He claimed that his attorney failed to advise him of his right to a speedy trial as it related to the charge of sexual assault and that his guilty plea to that offense was therefore not voluntary.

¶6     The District Court reviewed the record in Scriver's prior criminal proceeding, including the written plea agreement, the acknowledgment of waiver of rights form, and the transcript of the change of plea hearing. Based upon this review, the District Court found that Scriver knowingly, voluntarily and intelligently entered the guilty pleas to sexual assault and bail jumping. The District Court denied the petition for postconviction relief and Scriver appeals.

## STANDARD OF REVIEW

¶7     This Court reviews a district court's decision on a petition for postconviction relief to determine whether the findings of fact are clearly erroneous and whether the conclusions of law are correct. Claims of ineffective assistance of counsel are reviewed de novo. *Robinson v. State*, 2010 MT 108, ¶ 10, 356 Mont. 282, 232 P.3d 403.

## DISCUSSION

¶8     A defendant who voluntarily enters a guilty plea waives all defenses and non-jurisdictional defects that occurred in the prosecution of the case against him. *State v.*

*Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104; *State v. Gordon*, 1999 MT 169, ¶ 23, 295 Mont. 183, 983 P.2d 377. While a claim of violation of the right to a speedy trial is a non-jurisdictional issue, *Pavey*, ¶ 11, a defendant may raise a challenge that his guilty plea was not voluntary. *Hardin v. State*, 2006 MT 272, ¶ 23, 334 Mont. 204, 146 P.3d 746. The District Court construed Scriver's petition as a challenge to the voluntariness of his guilty plea and we do so as well.

¶9 Postconviction relief is a civil remedy available to persons who have been adjudged guilty of a criminal offense, have no adequate remedy of appeal, and claim that the sentence was imposed in violation of the Constitution of Montana or the United States. Section 46-21-101(1), MCA. A petitioner for postconviction relief must file a verified petition demonstrating by a preponderance of the evidence that he is entitled to relief. *State v. Cobell*, 2004 MT 46, ¶ 12, 320 Mont. 122, 86 P.3d 20. A petitioner has the burden to demonstrate to the District Court that his plea agreement was not voluntary, *Cobell*, ¶ 12; *Stevens v. State*, 2007 MT 137, ¶ 11, 337 Mont. 400, 162 P.3d 82. A postconviction relief proceeding is a proper forum for raising issues relating to ineffective assistance of counsel that do not appear on the face of the record. *State v. Weaver*, 2001 MT 115, ¶ 14, 305 Mont. 315, 28 P.3d 451.

¶10 Speedy trial issues can arise when a person charged with an offense is absent from the jurisdiction, and a detailed examination of the facts may be required. *State v. Robbins*, 218 Mont. 107, 708 P.2d 227 (1985); *State v. Longhorn*, 2002 MT 135, 310 Mont. 172, 49 P.3d 48; *State v. Lacey*, 2010 MT 6, 355 Mont. 31, 224 P.3d 1247; *State v. Houghton*, 2010 MT 145, 357 Mont. 9, 234 P.3d 904.

¶11 This Court has limited ability to review the record in this case because Scriver failed to transmit the record of his underlying criminal case for purposes of this appeal. While it is an appellant's burden to transmit a sufficient record to this Court on appeal, M. R. App. P. 8(2). Scriver is an incarcerated person appearing pro se who could reasonably have believed that the record of his underlying criminal case would be transmitted to this Court with the appeal. Even if the record in the underlying criminal case had been transmitted as part of this appeal, it is not clear whether it would have been sufficient to determine whether Scriver's guilty plea was voluntary in light of the potential speedy trial issues.

¶12 We remand this case to the District Court for appointment of counsel, § 46-21-201(2), MCA, to investigate Scriver's claims and to determine whether to file an amended petition for postconviction relief or to seek other appropriate relief.


/S/ MIKE McGRATH


We concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ BRIAN MORRIS
/S/ JIM RICE