FILED

04/07/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0496

DA 17-0496

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 84N

STATE OF MONTANA,

            Plaintiff and Appellee,

    v.

JASON BRYAN MARTIN,

            Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                In and For the County of Hill, Cause No. DC-2017-036
                Honorable Daniel A. Boucher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Nick K. Brooke, Smith & Stephens, P.C., Missoula, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Roy Brown, Assistant
            Attorney General,  Helena, Montana

            Karen Alley, Hill County Attorney, Havre, Montana

                                Submitted on Briefs:  February 19, 2020

                                            Decided:  April 7, 2020

Filed:

                    _____
                                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jason Bryan Martin ("Martin") appeals from an order of the Twelfth Judicial District Court, Hill County, denying consideration of Martin's pro se inmate grievance document on the grounds that it was untimely, filed while represented by counsel, and procedurally barred since it raised issues not appealed from the Hill County Justice Court. Martin argues that the Justice Court erred when it ruled that the inmate grievance document could not be admitted without Martin's testimony and that the District Court erred in refusing to consider Martin's pro se appeal of the Justice Court's ruling. We affirm.

¶3     On December 3, 2016, Martin was arrested for disorderly conduct and trespass. During booking at the detention center, Martin refused to comply with standard booking procedures. The detention officer requested several times that Martin face the wall while the officer conducted a weapons pat down; Martin refused and continued to face the officer. After the fifth request, the officer pinned Martin against the wall to get him to turn around. Martin then spat in the detention officer's eyes. Martin was charged with assault with bodily fluids, a misdemeanor.

2

¶4      Prior to the jury trial on the assault charge, the Justice Court held a hearing and discussed the State's motion in limine to preclude Martin from introducing his inmate grievance at trial without foundation. Martin's inmate grievance contained allegations that the detention officer had "fabricated a fictitious statement" about Martin spitting on him and alleged excessive force by the detention officer. Martin's counsel advised the Justice Court that it would be "very prejudicial to his case" for Martin to testify as to the contents of the grievance since it would open the door for Martin's propensity for truth to be challenged by the State based on his criminal record, which included federal theft and fraud convictions. The Justice Court issued pretrial rulings that excluded Martin's bad acts and that his testimony laying foundation for his grievance would have allowed the State to impeach him as a witness.

¶5      At trial, counsel attempted to elicit the contents of Martin's grievance through Hill County Detention Center administrator Victoria Olson ("Olson"). The Justice Court questioned its relevance, noting that no affirmative defenses were offered in the grievance document. Counsel asserted that it was relevant to the issue of whether Olson had followed proper jail procedure for handling the incident. The State countered that the grievance was not relevant, was hearsay, and that Olson could not testify to personal knowledge of the contents of the grievance because she was not present during the incident between Martin and the detention officer. The State also argued that Olson's general testimony about the existence of a grievance and the jail's processes would confuse the jury and be unduly prejudicial to the State, because whether Olson followed proper jail procedure for handling the grievance had no relevance to whether Martin spit

3

on the detention officer. The Justice Court allowed counsel to ask Olson "if a grievance was filed" and ask about the process for handling grievances. During trial, counsel limited questions for Olson to procedures for handling, investigating, and answering inmate grievances.

¶6 On March 21, 2017, a jury found Martin guilty of misdemeanor assault with bodily fluids under § 45-5-214, MCA. Martin was then sentenced and ordered to pay trial costs and administrative fees totaling $395.46, notwithstanding the Justice Court's finding that Martin was unable to pay. On March 31, 2017, counsel timely filed a notice of appeal to the District Court.

¶7 On May 2, 2017, the District Court set a briefing schedule with Martin's opening brief due May 18, 2017. On May 3, 2017, counsel informed Martin of the briefing timeline. On May 11, 2017, counsel informed Martin that the scope of her appeal would only pertain to trial costs, and if Martin wanted to raise the issue surrounding the admission of his grievance document, he would have to proceed pro se or hire new counsel.[1] Counsel explained to Martin that she would not raise the grievance admissibility issue since she had ethical obligations to only appeal non-frivolous matters grounded in law. Counsel timely filed the opening brief on the due date of May 18, 2017. Martin then filed his pro se document on May 25, 2017, arguing that the Justice Court erred in not admitting his grievance at trial. The State responded, conceding the trial costs issue and taking no position on Martin's pro se document. The Office of Public

---

[1] Counsel testified at the subsequent hearing regarding Martin's submission of a pro se brief.

4

Defender filed a motion to rescind counsel's appointment, explaining that it was unclear if Martin wanted to proceed pro se or hire new counsel.

¶8 On June 5, 2017, the District Court held a status hearing. The State urged the District Court to disregard Martin's document because it was untimely filed and that the scope of the appeal was limited to the issue of trial costs, which it had already conceded. The District Court questioned Martin as to why he did not timely file his pro se brief raising new issues. Martin responded, admitting that counsel had informed him of the deadline but that he wanted to wait to draft his own brief until counsel submitted her brief. The hearing also included testimony by counsel that she believed appealing the Justice Court's admissibility ruling of the grievance document was frivolous since the issue was not grounded in law.

¶9 On June 22, 2017, the District Court struck the trial costs requirement and addressed Martin's pro se brief in its ruling. The District Court held that Martin's pro se addendum to his appellate brief raising evidentiary issues would "not be considered on appeal as it raises issues not appealed from the Justice Court, lacks support, was filed while he was represented by counsel, and is untimely under Montana Code Annotated § 46-17-311(2)." Martin now appeals the District Court's refusal to consider his pro se appeal of the Justice Court's ruling. Martin also argues that the Justice Court committed plain error by failing to admit his inmate grievance document. Lastly, Martin argues that counsel rendered ineffective assistance of counsel.

¶10 On appeal from the district court's review of a justice court's decision, this Court examines the record independently[2] to determine whether the justice court's findings of fact meet the clearly erroneous standard, whether its discretionary rulings, including decisions on the admissibility of evidence, meet the abuse of discretion standard, and whether its legal conclusions were correct. *State v. Meyer*, 2017 MT 124, ¶¶ 10-11, 387 Mont. 422, 396 P.3d 1265. We review a district court's decisions on the admissibility of evidence for an abuse of discretion and its decisions regarding issues of law for correctness. *Meyer*, ¶ 12. Regarding ineffective assistance of counsel claims, our review is de novo. *State v. LaField*, 2017 MT 312, ¶ 11, 390 Mont. 1, 407 P.3d 682.

¶11 The admissibility of Martin's inmate grievance document in Justice Court and his pro se brief in District Court are each procedurally barred. As to the first issue, Martin argues, for the first time on appeal, that the business records exception under M. R. Evid. 803(6) applies for admitting the grievance. It is a well-established rule that this Court will not address an issue raised for the first time on appeal, nor may a party raise new arguments or change its legal theory on appeal. *State v. Martinez*, 2003 MT 65, ¶ 17, 314 Mont. 434, 67 P. 3d 207.

¶12 Martin argues that the District Court erred when it failed to grant him wide latitude as a pro se litigant pursuing his grievance claim. Rule 14 of the Montana Uniform Municipal Court Rules of Appeal to the District Court provides that requests for extensions for filing a brief must be made "within the time originally prescribed or within

---

[2] The Justice Court in this case was a court of record; accordingly, on appeal the District Court functioned as the intermediate appellate court and did not conduct a new trial.

an extension previously granted" and that failure to do so results in the appeal being "deemed without merit . . . ." Mont. Unif. Muni. Ct. Rules of Appeal to the Dist. Ct. Rule 14(a), (c). Martin was aware of the May 18, 2017 deadline for brief filing but failed to request an extension and filed his pro se addendum a week late on May 25, 2017.[3] A district court may refuse to accept pro se motions from defendants who are adequately represented by counsel. *State v. Samples*, 2005 MT 210, ¶ 15, 328 Mont. 242, 119 P.3d 1191.

¶13 Finally, Martin argues that counsel rendered ineffective assistance of counsel. Martin asserts that counsel was ineffective when she refused to raise the inmate grievance issue in her appeal to the District Court because it had legal merit. Martin fails to meet his burden of overcoming the "strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Stevens v. State*, 2007 MT 137, ¶ 14, 337 Mont. 400, 162 P.3d 82.

¶14 Martin was adequately represented by counsel. The record demonstrates that counsel exercised reasonable professional judgment in representing Martin, particularly by recognizing that the grievance document was hearsay without an exception and that any testimony by Martin in light of his federal fraud and theft convictions posed a severe risk to his credibility being impeached. Counsel also exercised reasonable professional judgment by limiting the scope of her appeal to nonfrivolous matters, by adequately communicating to her client that she was limiting the scope of her representation to trial

---

[3] The District Court afforded Martin wide latitude by holding a status hearing on Martin's concerns. After considering the arguments made by Martin in his pro se brief, the District Court found them to be without merit.

costs, and by informing Martin that if he wanted to appeal the grievance issue he would need to seek new counsel or appeal the matter pro se.

¶15   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶16   Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ JIM RICE
/S/ BETH BAKER
/S/ INGRID GUSTAFSON